# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CIVIL DIVISION - CASE NUMBER:_____

**FRANCISCA ALMEIDA,**

      **Plaintiff,**

vs.

**XIXON SPANISH RESTAURANT**
        **and**
**ALEJANDRO ARRUABARRENA,**

      **Defendants.**
_____/

## COMPLAINT
### AND
## <u>DEMAND FOR JURY TRIAL</u>

    Plaintiff **FRANCISCA ALMEIDA ("ALMEIDA")** files this Complaint and sues the **XIXON SPANISH RESTAURANT ("XIXON")** and its owner **ALEJANDRO ARRUABARRENA ("ARRUABARRENA")** in his individual capacity for violations of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq,* based on gender-based and race and ethnic hostile work environment and quid pro quo sexual harassment, and violations of the Fair Labor Standards Act, as well as **ARRUABARRENA** in an individual capacity for assault and battery, and as grounds thereof would state as follows:

1

## JURISDICTION

1) This Court has jurisdiction over the subject matter of this lawsuit under Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16.

## CONDITIONS PRECEDENT

2) All conditions precedent have been met.  **ALMEIDA** filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the initiation of this lawsuit.

## VENUE

3) Venue is proper in the United States District Court for the Southern District of Florida in that all parties reside in Miami and the actions leading to this lawsuit occurred in Mimi, Florida.

## PARTIES

1. **FRANCISCA ALMEIDA**, the Plaintiff, was employed at the Defendant's restaurant and also did work at the owner's home;

2. **XIXON SPANISH RESTAURANT** is a restaurant located at 2101 SW 22nd Street, Miami, Florida;

3. The owner is **ALEJANDRO ARRUABARRENA;**

## THE FACTS

1. Plaintiff is a African Cuban descent woman;

2. She was hired at the restaurant in February 2019;

3. On or about January 26, 2020, she agreed to clean the owner, **ARRUABARRENA's** apartment for $70 dollars as extra income;

4. After he paid her he said, "You are beautiful," and took out his penis;

5. He attempted to touch her and have intimate relations with her;

6. He was aware of the fact that she was in dire economic straights at the time and could not afford to lose her income from the restaurant;

7. When she went back to work at the restaurant, he continued harassing her and demanding that she return to his apartment;

8. He asked her to clean the apartment again and she refused;

9. Due to her dire financial situation, she continued working for him at the restaurant as an assistant cook;

10. She was an hourly employee, but often the time clock broke and she would write down her work hours;

11. The employer did not pay her for all of her hours worked and did not pay her overtime for hours she worked in excess of 40 hours per week;

12. The last straw was on March 10, 2020, when she was under paid and went to see **ARRUABARRENA** in reference to the missing pay and the failure to pay for the overtime work;

13. **ARRUABARRENA** called her a "Negra" (Black Woman) and he would not pay a "Negra" that kind of money;

14. She answered, "That that is not my name, my name is Francisca;"

15. Multiple other employees heard him screaming at her and humiliating her and calling her a "Negra;"

16. Plaintiff is a female Afro-Cuban. The male, white, and Hispanic employees did not have pay withheld and were not abused verbally;

17. It was after she refused to have sex with the employer that he began to verbally abuse her and to refuse to pay her the money she had earned, as required;

18. Plaintiff was constructively discharged as a result of her gender, race and ethnicity.

## COUNT I.
## QUID PRO QUO EMPLOYMENT DISCRIMINATION BASED ON GENDER IN VIOLATION OF TITLE VII

18. Plaintiff re-alleges paragraphs 1 through 18 as if fully set forth herein;

19. Plaintiff is a female;

20. Plaintiff has been discriminated against by having pay withheld and being verbally abused because she refused to have sex with her employer;

21. As result of their discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment for damages, including compensatory damages and any other relief permitted under law.

## COUNT II.
## HOSTILE WORK ENVIRONMENT BASED ON GENDER, RACE and ETHNCITY
## IN VIOLATION OF TITLE VII

22. Plaintiff re-alleges paragraphs 1 through 21 above as if fully set forth herein;

23. Plaintiff was subjected to a hostile work environment that was both severe and pervasive;

24. This hostile work environment was created based on harassment of her gender, ethnicity and race;

25. As a result, Plaintiff has suffered permanent damages.

**WHEREFORE**, Plaintiff demands judgment for damages including compensatory damages and any other relief permitted under law;

## COUNT III.
## ASSAULT

26. Plaintiff restates the allegations in paragraphs 1 through 25 as it fully set forth herein.

27. Plaintiff had a reasonable fear that she was going to be the victim of battery;

28. Defendant had a disability present by the attacker;

29. The threat or attempt of harm was intentional.

**WHEREFORE**, Plaintiff demands judgment for damages including compensatory damages and any other relief permitted under law;

## COUNT IV.
## BATTERY

30. Plaintiff restates the allegations in paragraphs 1 through 29 as if fully set forth herein;

31. The Defendant made contact with the Plaintiff;

32. The contact was offensive and harmful;

33. The contact was intentional;

34. Plaintiff **FRANCISCA ALMEIDA** was damaged.

**WHEREFORE**, Plaintiff demands judgment for damages including compensatory damages and any other relief permitted under law. and other available relief as the Court deems just and proper.

## COUNT V.
## FLSA OVERTIIME

35. Plaintiff restates the allegations in paragraphs 1 through 34 as if fully set forth herein;

36. Defendant failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA;

37. Plaintiff was damaged by Defendant's failure to pay her overtime.

**WHEREFORE**, Plaintiff demands a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Pre-judgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

### COUNT VI.
### FLSA Minimum Wage

38. Plaintiff restates the allegations in paragraphs 1 through 37 as if fully set forth herein;

39. Defendant failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in Sec 6(a) of the FLSA;

41. Plaintiff was damaged by Defendant's failure to pay her the Federal minimum wage.

**WHEREFORE**, Plaintiff demands a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted,

**Michael A. Pizzi, Jr., Esq.**
Attorney for the Plaintiff
Florida Bar No. 079545
6625 Miami Lakes Drive - Suite 316
Miami Lakes, FL  33014
Telephone:   305 986-2277
FAX:            305 777-3802
E-Mail:        mpizzi@pizzilaw.com

By: ___*s/ Michael A. Pizzi,*___

**Michael A. Pizzi, Jr., Esq**.